UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| JORGE PETER CORNELL, | : | 1:11CR402-1-3, -9, -12-14 |
| RUSSELL LLOYD KILFOIL, | : | |
| RANDOLPH LEIF KILFOIL, | : | |
| SAMUEL ISAAC VELASQUEZ, | : | |
| IRVIN VASQUEZ, | : | |
| CARLOS COLEMAN, | : | |
| ERNESTO WILSON | : | |

### DEFENDANTS' PROPOSED INSTRUCTIONS TO THE JURY

NOW COME the Defendants named above, who respectfully request the Court modify the jury instructions proposed by the Government [Document 212] to the following extent:

### OBJECTION TO JURY INSTRUCTION NO. TWENTY-SIX
(Accomplices Called by the Government)

The Defendants object to inclusion from the third paragraph of this proposed instruction:

> Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

This language is unnecessary and may confuse the jury.

### OBJECTION TO JURY INSTRUCTION NO. TWENTY-SEVEN
(Informal Immunity of Government Witness)

The Defendants object to inclusion from the second paragraph of this proposed instruction:
> You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

This language is unnecessary and may confuse the jury.

## OBJECTION TO JURY INSTRUCTION NO. TWENTY-EIGHT
### (Codefendant's Plea Agreement)

The Defendants object to the inclusion from the second paragraph of the proposed instruction:

> You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

This language is unnecessary and may confuse the jury.

## OBJECTION TO JURY INSTRUCTION NO. THIRTY-NINE
### (The Superseding Indictment and the Statute -- Count One)

The Defendants object to inclusion of "Means and Methods" as it is repetitive of the crimes alleged to been committed as part of the conspiracy. The Defendants further object to any reference to murder being made as no competent evidence has been presented on this alleged crime. Defendant Wilson also objects to the reference to him as "King Yayo," rather than "Yayo."

## PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION NO. FORTY-ONE
### (Elements of the Offense)

In order to satisfy its burden of proof as to Count One, the government must prove the following four elements beyond a reasonable doubt:

> FIRST: That the Greensboro Latin Kings were an enterprise as set forth in the Superseding Indictment;
> SECOND: That the enterprise affected interstate or foreign commerce;
> THIRD: That the defendants were associated with or employed by the enterprise; and
> FOURTH: That the defendants knowingly and willfully became members of a Greensboro Latin Kings conspiracy a set forth in the Superseding Indictment.

## PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION NO. FORTY-THREE
### (Second Element -- Effect on Interstate or Foreign Commerce)

The second element that the Government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate or foreign commerce.
Interstate commerce includes the movement of goods, services, money, and individuals between states, or between states and the District of Columbia or a U.S. Territory or possession, or between the United States and a foreign state or nation.

The Government must prove that the enterprise engaged in interstate or foreign commerce or that its activities affected interstate or foreign commerce in a substantial way. The Government does not have to prove that the racketeering activity affected interstate or foreign commerce, although proof that racketeering acts did affect substantially affect interstate or foreign commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate or foreign commerce as long as the acts of the enterprise had a substantial effect. Finally, the Government is not required to prove that any defendant knew he was affecting interstate or foreign commerce.

*Notes:*
*Waucaush v. United States*, 380 F. 3d 251 (6th Cir. 2004) overturned a RICO conviction of a violent street gang member because of the Government's failure to prove that the violent activities of the street gang had a substantial effect on interstate commerce. The 6th Circuit relied on the Supreme Court's limiting the extent of the Commerce Clause power in the context of federal criminal statues through *United States v. Lopez*, 514 U.S. 549 (1995) *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000). In *Lopez,* the Court struck down the Gun-Free School Zones Act of 1990 as an unconstitutional extension of Congress's power under the Commerce Clause finding that "the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce" and rejected application of the aggregation principle of *Wickard v. Filburn*, 317 U.S. 111 (1942) as it is only permissible with regard to economic activity. In *United States v. Morrison*, 529 U.S. at 609–13, the Supreme Court struck down the Violence Against Women Act as an unconstitutional extension of the Commerce Clause power as the Act focused on violence that was non-economic in nature and its individual manifestations did not by themselves have a substantial impact on interstate commerce. The Court "reject[ed] the argument that Congress may regulate non-economic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." In *Jones v. United States*, 529 U.S. at 850, the Supreme Court held that, in light of the limits on the Commerce Clause, the incineration of a private residence did not affect interstate commerce within the meaning of the federal arson statute.

**PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION
NO. FORTY-FOUR
(Third Element -- Association with the Enterprise)**

The third element that the government must prove beyond a reasonable doubt is that each defendant was associated with or employed by the Greensboro Latin King enterprise as set forth in the superseding Indictment.

It is not required that each defendant be employed by or associated with the Greensboro Latin King enterprise for the entire time that the enterprise existed or that each defendant knew one another or were associated with the enterprise at the same time. It is required, however, that the government prove, beyond a reasonable doubt, that at some time during the period indicated in the Superseding Indictment, each defendant himself was employed by or associated with the Greensboro Latin King enterprise.

A person cannot be associated with or employed by the enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the government must prove beyond a reasonable doubt that each defendant was connected to the enterprise in some meaningful way, and that he knew of the existence of the enterprise and of the general nature of its activities.

### PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION
### NO. FORTY-FIVE
### (Fourth Element -- Membership in the Conspiracy)

The fourth element that the government must prove beyond a reasonable doubt is that each defendant knowingly and willfully became or were members of the Greensboro Latin King conspiracy as set forth in the Superseding Indictment with knowledge of its purposes; that is with knowledge and intent that other members of the conspiracy would commit a pattern of racketeering activity.

To meet its burden of proof on membership, the government must also show that each defendant agreed to participate, directly or indirectly, in the affairs of the Greensboro Latin King enterprise through a pattern of racketeering activity. The focus of this element is on each defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on each defendant's agreement to commit the individual criminal acts. The government must prove that the defendants participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts.

In determining whether or not the government has proven each defendant guilty of membership in the Greensboro Latin King conspiracy charge, you are further instructed that the government is not required to prove that either defendant knew one another or that they agreed with each other to violate the law. Instead, the focus of this Count is on each defendant's own agreement to join or remain in the conspiracy charged. Nor is the government required to prove that either defendant agreed with another to commit two racketeering acts. Finally, the government is not required to prove that either defendant personally committed two such acts, although you may conclude that they agreed to participate in the conduct of the enterprise from proof that they agreed to commit or actually committed such acts. What is important, is that the government prove that the defendant knowingly adopted the goal of furthering or facilitating the criminal endeavor or, in other words, the defendant knew generally about the pattern of racketeering activity and agreed to facilitate the racketeering scheme in some manner and not that the defendant himself committed the crimes encompassing the pattern of racketeering activity.

### PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION
### NO. FORTY-SIX
### (Pattern of Racketeering Activity)

Throughout these instructions you have heard the phrase "racketeering activity." For purposes of Count One, the Superseding Indictment charges that the following racketeering acts were or were intended to be committed as part of the conspiracy: multiple violations of North Carolina law involving robbery, kidnapping, arson, and narcotics trafficking and federal law involving interference with commerce by threats or violence, bank fraud, theft from an interstate shipment, and narcotics trafficking. It is for you to determine whether these racketeering acts were part of the conspiracy. These offenses are defined below:

### Kidnapping

Kidnapping is unlawfully confining, restraining, or removing from one place to another, any other person without the consent of such person, for the purposes of holding such other person for a ransom or as a hostage or using such other person as a shield; facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; doing serious bodily harm to or terrorizing the person confined or any other person; holding such other person in involuntary servitude; subjecting or maintaining such other person for sexual servitude; or trafficking another person with the intent that the other person be held in involuntary servitude or sexual servitude. N.C. Gen. Stat. §§ 14-39, 14-2.4, 14-2.5.

### Robbery and Armed Robbery

Under North Carolina law, robbery is the taking and carrying away of property from another, by force or threat of force, with the intent to deprive the victim of the property. Property means anything of value. A person commits armed robbery if they possess, use, or threaten the use of a dangerous weapon, including a firearm, during the commission of a robbery. N.C. Gen. Stat. §§ 14-87, 14-2.4, 14-2.5.

Under federal law, that is section 1951 of Title 18 U.S.C., obstructing interstate commerce through the use of robbery is also a crime. This law is often known as the "Hobbs Act." To prove a Hobbs Act violation, the government must show that, as a result of the robbery or attempted robbery, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree. 18 U.S.C. § 1951.

### Arson

Arson is the willful and malicious burning of the dwelling house of another person. A "dwelling house" is a building that is inhabited by another person. That said, a person commits arson even if the inhabitants of the dwelling house are not physically inside the home at the time of the burning. N.C. Gen. Stat. §§ 14-58, 14-2.4, 14-2.5.

### Bank Fraud

A person commits bank fraud under 18 U.S.C. § 1344 if he knowingly executes, or attempts to execute, a scheme to defraud a bank or attempts to obtain money or credit under custody of a bank through fraudulent pretenses or representations.

A "scheme to defraud" is a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property with the intent to cause the bank to suffer an actual or potential loss. A representation is fraudulent if it was falsely made with the intent to deceive. This can include deceitful statements of half truth or the concealment of material facts. Although the government does not need to show that the bank actually suffered a loss, it must show that the scheme or representations put the bank at a risk of a loss and that the bank did not knowingly accept that risk.

Finally, the government must show that the bank's deposits were insured by the Federal Deposit Insurance Corporation. 18 U.S.C. § 1344.

## Theft From An Interstate Shipment

It is unlawful to steal or carry away from any railroad car, wagon, motortruck, trailer, or other vehicle, or from any intermodal container, trailer, container freight station, warehouse, or freight consolidation facility, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property. 18 U.S.C. § 659. Goods are in interstate commerce until they reach the final destination where they are placed to be unloaded, or are being unloaded.

> *Notes:*
>
> In *Winer v. United States*, 228 F.2d 944 (6th Cir. 1956), the Court held:
>
> The interstate character of a shipment, insofar as it concerns the purchaser, receiver, or possessor of stolen goods, is to be determined as of the date of the theft. *United States v. Gollin*, 3 Cir., 166 F.2d 123. An interstate shipment does not lose its character as commerce until it arrives at destination and is there delivered. *Murphy v. United States*, 6 Cir., 133 F.2d 622. Even where the interstate shipment arrives at destination, is placed on delivery track, and notice given to the consignee who breaks the seal and unloads part of the shipment, if the carrier again reseals the car pending further unloading by the consignee, and the car is thereafter broken into and goods stolen, the shipment is still in interstate commerce as of the time of the theft. *Chapman v. United States*, 8 Cir., 151 F.2d 740. Where delivery of imported liquor was made to a consignee at an ocean pier, and was afterward stolen while being taken from the pier to a bonded warehouse by a bonded truck, it was held that the shipment at the time of theft was still moving in interstate commerce. *United States v. Schwartz*, 2 Cir., 150 F.2d 627. The *Winer* Court found no error in the trial court's instruction:
>
>> [T]hat goods are in interstate commerce if the movement of the freight originates in one state and passes through another, even though it comes back to the state from which it started; that such a shipment remains an interstate shipment until it reaches the final termination of the journey, or destination; and that the final termination is the point where it is placed to be unloaded, or is being unloaded, in some cases. 'And, as long as a car is still on a track and not placed at the unloading point, it is still in commerce.'"

## Narcotics Trafficking

Under North Carolina law, it is unlawful for any person to manufacture, sell, deliver, or possess a controlled substance. Additionally, North Carolina law also criminalizes conspiracies and attempts to manufacture, distribute, or possess with intent to distribute a controlled substance.

Under federal law, specifically 21 U.S.C. 841(a)(1), it is unlawful for a person to knowingly or intentionally manufacture, distribute, or possess with intent to distribute a controlled substance. Additionally, federal law also criminalizes conspiracies and attempts to manufacture, distribute, or possess with intent to distribute a controlled substance.

Controlled substances include marijuana, cocaine, heroin, cocaine base (crack cocaine), methamphetamine, phencyclidine (PCP), and lysergic acid diethylamide (LSD).

N.C. Gen. Stat. §§ 90-95 and 90-98. 21 U.S.C. §§ 841(a)(1) and 846. Marijuana, however, is not a narcotic. *See* 21 U.S.C. § 802 (17)(definition of "narcotic drug").

## Conspiracy/Attempt

Conspiracy is an agreement between two or more persons to commit a crime. In order to prove a conspiracy of the Greensboro Latin Kings as set forth in Count One of the Superseding Indictment, the government must show that a person entered into an agreement with at least one other person to commit the crime (for example, drug distribution); and (2) that the persons entered into the agreement with the intent that the crime be committed.

In order to prove attempt generally, the government must show that the assailant had the apparent ability, at that time, to commit the crime and the intent to do so.
N.C. Gen. Stat. §§ 14-2.4 and 14-2.5.

## Racketeering Conspiracy

As to each defendant, you must find beyond a reasonable doubt that the defendant agreed that some member[s] of the conspiracy would commit at least two acts of racketeering as described in Count One, and that they were separate acts. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, [or have other similar distinguishing characteristics] [or are part of the affairs of the same enterprise]. There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

*Notes:*

**From Seventh Circuit Pattern Jury Instructions, Request for instruction on Pattern requirement of the racketeering conspiracy , 18 U.S.C. § 1962(d) (Pattern requirement - Racketeering conspiracy)**
**Committee Comment**
*See Salinas v. United States*, 118 S.Ct. 469 (1997); *United States v. Neapolitan*, 791 F.2d 489 (7th Cir.), *cert. denied*, 479 U.S. 939, 479 U.S. 940 (1986); *United States v. Glecier*, 923 F.2d 496 (7th Cir.), *cert. denied*, 502 U.S. 810 (1991); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989).

## Unanimity requirement

The Government has alleged the defendants committed or intended to commit numerous racketeering acts that have been described above. While it is not necessary for

the Government to prove that all of the alleged racketeering acts were committed or intended to be committed you must find that at least two racketeering acts were committed or intended to be committed and that the act or intended acts constituted a pattern of racketeering.

You must unanimously agree upon which of the different offenses that are racketeering acts were either committed or intended to be committed.

## Mere Association with the RICO Scheme

The RICO conspiracy statute does not criminalize *mere association* with an enterprise. In addition to knowingly associating with the specific RICO scheme as alleged in the indictment, you must find beyond a reasonable doubt that the Defendants knowingly agreed to participate in the furtherance the overall purpose or objective of the RICO scheme as alleged in the indictment. In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that he knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

*Notes:*

In *United States v. Mouzone* (10-4781; 10-4814)(July 26, 2012), the Fourth Circuit stated:

> We caution that the RICO conspiracy statute does not "criminalize mere association with an enterprise." *Brouwer*, 199 F.3d at 965. Rather, as with traditional conspiracy, criminal liability will attach only to the knowing "agreement to participate in an endeavor which, if completed would constitute a violation of the substantive statute." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 732 (7th Cir. 1998). Thus, to satisfy § 1962(d), the government must prove that an enterprise affecting interstate commerce existed; "that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and . . . that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts." *Wilson*, 605 F.3d at 1018-19; see also Posada-Rios, 158 F.3d at 857 ("To prove a RICO conspiracy[,] the government must establish (1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense.").

## Connection between Enterprise and racketeering activity

Similarly, an agreement to merely commit predicate racketeering acts is not sufficient to support a conviction because, to be guilty of conspiracy to violate RICO, there must be an agreement to participate in the conduct of an enterprise's activities through the commission of predicate offenses, not an agreement to commit a pattern of racketeering activity alone. The key element is proof that the various crimes were performed in order to assist the enterprise's involvement in overall RICO scheme and Enterprise as alleged in the indictment.

8

*Notes*:

*United States v. Riccobene*, 709 F.2d 214, 224 (3d Cir. 1983), *overruled on other grounds by Griffin v. United States,* 502 U.S. 46, 112 (1991). The Court in *Riccobene* stated:

> An agreement merely to commit the predicate offenses would not be sufficient to support a RICO conspiracy. Nor is it sufficient if the defendants merely participate in the same enterprise. See Sutherland, supra, 656 F.2d at 1192 (explaining Elliott). This is so because, under RICO, it is an agreement "to conduct or participate . . . in the conduct of [an] enterprise's activities" through the commission of predicate offenses that is prohibited, not an agreement to commit a pattern of racketeering activity alone. *Id.*

*Bennett v. Berg*, 685 F.2d 1053, 1060 (8th Cir. 1981). The Court in *Berg* stated:

> Significantly, the statute forbids the predicate acts of racketeering only insofar as an "enterprise" is involved. By requiring proof of an "enterprise," RICO requires proof of a fact other than the facts required to prove the predicate acts of racketeering. *United States v. Anderson*, 626 F.2d 1358, 1367 (8th Cir. 1980), cert. denied, 450 U.S. 912, 67 L. Ed. 2d 336, 101 S. Ct. 1351 (1981). RICO is not a recidivist statute with enhanced penalties for acts of racketeering that are elsewhere proscribed in the criminal code. *Id.*

## OBJECTION TO JURY INSTRUCTION NO. FORTY-SEVEN
### (Proof of Overt Act Not Required)

The Defendants object to this instruction as it is repetitive to the acts alleged in Jury Instruction No. Thirty-Nine (The Superseding Indictment and the Statute -- Count One) and may confuse the jury.

## PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION NO. FORTY-EIGHT
### (Juvenile Acts – Fed.R.Evid 404(b))

You have heard testimony that one of the defendants, Carlos Coleman, was younger than 18 years of age when he allegedly committed certain acts. If you find beyond a reasonable doubt that the defendant participated in the conspiracy alleged in the indictment after he turned 18 years of age, you may consider the defendant's conduct prior to his eighteenth birthday only on the question of his knowledge of existence the conspiracy. You should consider this evidence only for this limited purpose. You may not convict the defendant of Count 1 based upon juvenile acts.

*Notes:*

> "The jury was entitled to assess this testimony (*juvenile acts*) in light of other evidence showing that Rusty had known of the auto theft scheme since its inception. *See* Fed.R.Evid. 404(b). There is simply no basis to believe that the jury convicted Rusty of conspiracy solely because of his pre-eighteenth birthday activity, *for the trial court repeatedly instructed the jury that it could not*

*consider the juvenile acts as evidence of Rusty's guilt.* In these circumstances, we hold that the court acted properly in admitting evidence of Rusty's pre-eighteenth activity." *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984) (*emphasis added*).

"The last sentence of the instruction was not entirely precise as a matter of law. While the jury may properly hear evidence regarding a defendant's premajority conduct to establish the existence of a conspiracy, *Vargas–De Jesús*, 618 F.3d at 65, we have never held that the jury can consider all of a defendant's acts in furtherance of the conspiracy as if he was an adult when he committed them." *United States v. Diaz*, 670 F.3d 332, 341 (1st Cir. 2012)

### OBJECTION TO JURY INSTRUCTION NO. FIFTY-FOUR
### (Fourth Element -- Defendant Committed a Crime of Violence)

The Defendants object to inclusion of the last sentence of the instruction:

> I instruct you that the crime of a violent crime in aid of racketeering activity is a crime of violence.

The sentence may be confusing to the jury.

### OBJECTION TO JURY INSTRUCTION NO. FIFTY-FIVE
### (First Element -- Commission of the Predicate Crime)

The Defendants object to the term "assault with a dangerous weapon in aid of racketeering" as an incorrect and misleading shorthand statement of elements of Count Two of the Indictment.

### PROPOSED ALTERNATIVE TO GOVERNMENT JURY INSTRUCTION NO. FIFTY-SIX
### (Fifth Element -- Purpose to Maintain or Increase Position in Enterprise)

The fifth element the government must establish when deliberating upon Count Two is that the defendants' general purpose in committing the charged crime of violence was to maintain or increase their position in the enterprise.

The government is required to prove that the defendants' general purpose was to maintain or increase their position in the enterprise. The government is not required to prove that it was the defendants' sole or principal motive.

In determining whether a defendant's purpose in committing the crime of violence was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, you may consider evidence that the crime, if proved, was served to maintain the defendant's position in the enterprise. If the defendant committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

10

The Defendants further request that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel prior to counsel's arguments to the jury whether it will give the requested instructions.

Respectfully submitted on behalf of the above-named Defendants who have been consulted with and join in these proposed instructions, this the 12th day of November, 2012.

/s/ Brian M. Aus
Brian M. Aus
PO Box 1345
Durham, NC 27702
(919)438-3472
Fax (919)666-6849
NCBN 12845

ATTORNEY FOR RUSSELL KILFOIL

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| JORGE PETER CORNELL, | : | 1:11CR402-1-3, -9, -12-14 |
| RUSSELL LLOYD KILFOIL, | : | |
| RANDOLPH LEIF KILFOIL, | : | |
| SAMUEL ISAAC VELASQUEZ, | : | |
| IRVIN VASQUEZ, | : | |
| CARLOS COLEMAN, | : | |
| ERNESTO WILSON | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2012, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to AUSA Robert A.J. Lang and Leshia M. Lee-Dixon who are representing the Government in this matter.

/s/ Brian M. Aus

12