IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JORGE PETER CORNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV776 |
| | ) | 1:11CR402-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner in this action submitted a Motion [Doc. #658] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will direct the United States Attorney to file a Response to the Motion within 60 days of the entry of this Order.

Prior to filing his § 2255 Motion, Petitioner filed a Motion [Doc. #656] seeking discovery materials in the form of all statements and interviews of the Government's witnesses prior to their testimony at Petitioner's trial and copies of transcripts of the opening and closing statements at that trial.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings authorizes discovery in post-

conviction proceedings but only to the extent that the judge finds good cause and then chooses to authorize the discovery in the exercise of his or her discretion. Ordinarily, discovery may not be conducted until a habeas corpus petition or motion to vacate a sentence has been filed, so that the Court can consider the claims and relevant factual allegations in determining the propriety of discovery. Orbe v. True, 201 F. Supp. 2d 671 (E.D. Va. 2002) (citing Calderon v. U.S. Dist. Court for the Northern Dist. of California, 98 F.3d 1102 (9th Cir. 1996) (noting that "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation")).

In the instant case, Petitioner did not file his § 2255 Motion prior to seeking discovery. Although he later filed a § 2255 Motion, that Motion contains no claims to which the requested discovery relates. His only claim thus far is a purely legal claim concerning the possible applicability of the recent case of Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015), to one of his convictions. Moreover, Petitioner states that he wants the discovery information because he wishes to search the material in an attempt to discover instances of ineffective assistance of counsel. However, such a request amounts to an improper "fishing expedition," and the Court cannot find good cause to allow discovery at this time. In the circumstances, the Court will deny Petitioner's request for discovery, without prejudice to Petitioner making a discovery request under Rule 6 if he files claims related to the requested discovery. The Court can consider at that time whether good cause exists and whether the requested discovery should be authorized in light of the claims actually alleged.

As for Petitioner's request for transcripts of the opening and closing arguments, a defendant-petitioner is not entitled to the records or transcripts free of cost under 28 U.S.C. § 753 unless they are necessary to decide the issues. United States v. MacCollom, 426 U.S. 317 (1976); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); In re O'Kane, 1996 WL 379674, (4th Cir. June 27, 1996) (unpublished); United States v. Losing, 601 F.2d 351 (8th Cir. 1979); United States v. Lewis, 605 F.2d 379 (8th Cir. 1979); see also Jones v. Superintendent, Virginia State Farm, 460 F.2d 150 (4th Cir.), aff'd on reh'g, 465 F.2d 1091 (4th Cir. 1972). As already discussed, Petitioner has not filed a § 2255 Motion for which the transcripts are necessary for him to frame his claims. His Motion seeking transcripts and discovery will be denied.

Petitioner also filed a Motion [Doc. #659] to hold his § 2255 Motion in abeyance until October 5, 2016, in order to allow him to amend his § 2255 Motion to add further claims. There is no reason to hold the matter in abeyance. If Petitioner wishes to amend his current Motion, he should do so quickly and before the Government files its Response.

IT IS THEREFORE ORDERED that the United States Attorney is directed to file a Response to Petitioner's Motion [Doc. #658] within sixty (60) days from the date of the entry of this Order.

IT IS FURTHER ORDERED that Petitioner's Motion [Doc. #656] for a copy of discovery and transcripts of the opening and closing arguments from his trial and Motion [Doc. #659] to hold the case in abeyance are denied.

This, the 20th day of September, 2016.

                                                      /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge